IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| Felisa Blazek<br>5 Squamscott Road<br>Stratham, New Hampshire 03885, | )<br>)<br>) | CASE NO. C2-04 568<br>Judge JUDGE SMITH |
| Plaintiff, | )<br>) | COMPLAINT MAGISTRATE JUDGE KING |
| -vs- | )<br>) | Jury Demand Endorsed Hereon |
| Surface Materials Sales, Inc.<br>C/0 David Richards, Statutory Agent<br>36980 Skyline Drive<br>Willoughby Hills, Ohio 44092, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Felisa Blazek ("Blazek") is an individual who resides in the State of New Hampshire and is solely a citizen thereof, and was formerly an employee of Defendant Surface Materials Sales, Inc.

2. Defendant Surface Materials Sales, Inc. ("Surface") is a corporation organized under the laws of Ohio with its principal place of business in the State of Ohio, and engages in the business of distributing commercial wall coverings to

1

various customers, including but not limited to contractors, developers, architects and similar businesses related to the construction industry.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4. This Court has jurisdiction of this matter on the basis of diversity of citizenship, pursuant to 28 U.S.C. Section 1332(a)(1). Venue is based upon the provisions of 28 U.S.C. Section 1391(a) and (c).

## COUNT ONE:

5. Plaintiff Blazek became an "at will" sales employee of Defendant Surface in or about November, 2000.

6. At or about the time of her initial employment (and despite the fact that her employment was at will), Plaintiff Blazek was required to sign a document entitled "Employment Agreement" (hereinafter referred to as "the Agreement", a copy of which is attached as Exhibit 1 hereto), said agreement purportedly being signed on November 1, 2000. Blazek was never given a copy of the Agreement during the entire term of her employment by Defendant.

7. Throughout the term of her employment by Defendant, Plaintiff Blazek received numerous promises from Defendant, whereby Defendant agreed to expand Blazek's sales territory to include certain lucrative sales areas which would have

2

substantially increased her earned income, but Defendant consistently failed to fulfill those promises.

8. As a direct result of Defendant's failed promises, Blazek resigned from her position with Defendant on or about June 2, 2004, and accepted employment with another commercial wall covering distributor.

9. Shortly after Blazek tendered her resignation, she received a letter from Defendant's agent, Douglas V. Bartman, Esquire, whereby said attorney acting on behalf of Defendant enclosed a copy of the Agreement, and alleged that the Agreement contained a provision [Paragraph 4(b)] which prohibited her from soliciting "any customers of Surface that Employee had knowledge of during his [sic] employment by Surface" and, further, that Blazek was prohibited from soliciting "any of surface's customers and clients that were active during the Employee's employment with Surface". (See letter attached as Exhibit 2 hereto).

10. The purported provision enumerated as Paragraph 4(b) is unduly restrictive and unreasonable in that it contains no limitation whatsoever as to time and geographical area. As such, it is unenforceable under prevailing law and as a matter of public policy.

11. In addition, Paragraph 4(b) is not designed to protect confidential information or trade secrets, nor does it seek to limit unfair competition, for the reason that Defendant's customers are not only well known to its competitors in the industry,

but are also customers of other competitors in the industry and are, thus, not exclusive to Defendant. As such, Paragraph 4(b) is unreasonable and unenforceable.

12. Further, inasmuch as Defendant failed to provide a copy of the Agreement which had been executed by Blazek years earlier, Blazek relied to her detriment upon the fact that the Agreement had lapsed by its own terms and changed circumstances prior to the time of her resignation and acceptance of new employment, said reliance being reasonably justified.

13. To the extent that Paragraph 4(b) is asserted against her, she will be deprived of her sole means of support and, therefore, any benefit alleged by Defendant with respect to the contested provision is disproportional to the detriment of the provision's impact to Blazek.

**WHEREFORE**, Plaintiff Blazek demands a judgment declaring that the provision prohibiting her from engaging in her livelihood is null and void as against public policy and should accordingly be struck from the contract, and that she be accorded any and all other rights which may exist at law or in equity.

Respectfully submitted,

**KEENER, DOUCHER, CURLEY & PATTERSON**

_____
MICHAEL J. KELLEY
Supreme Court No. 0007452
88 East Broad Street, Suite 1750
Columbus, OH 43215
(614) 280-1100 *Phone*
(614) 280-9503 *Fax*
*Attorney for Plaintiff*


## JURY DEMAND

Plaintiff hereby demands a trial by a jury of twelve in this matter.

_____
MICHAEL J. KELLEY

# EMPLOYMENT AGREEMENT

THIS AGREEMENT made and entered into this 11/1/00 by and between SURFACE MATERIALS SALES, INC., hereinafter referred to as "Surface" and FELISA BLAZEY hereinafter referred to as "Employee".

## WITNESSETH:

For and in consideration of the offer of employment made by Surface to Employee, and the salaries and/or commission to be paid by Surface to Employee in connection with such employment, and the mutual covenants herein contained, the parties have agreed as follows.

1. The terms and conditions of the employment of Employee by Surface shall be in accordance with the provisions of this Agreement and Surface's policies and practices, and as such policies and practices may be from time to time modified.

2. It is understood and agreed that this Employment Agreement shall remain in full force until the termination of any period referenced in this Agreement.

3. It is understood and agreed by and between the parties hereto that the rate of salary and commission may be altered or changed at any time during the term hereof by Surface, and such change or modification in rate of pay by way of salary or commission shall not constitute a breach or violation of the terms of this Agreement.

4. Employee understands that his duties require continuous special training and that Surface has incurred and will incur expense in his training and also understands that Surface has disclosed and will disclose to him knowledge concerning its trade secrets, business methods and procedures, including names of customers and dealers, personnel records, training and operational manuals, the prices of products purchased by Surface or at which it sells or has sold its products, or any other information concerning the business of Surface, its manner of operation, or its plans, processes, or other data of any kind, nature or description without regard to whether any or all of the foregoing matters would be deemed confidential, material or important (collectively, "Proprietary Information"). Employee and Surface agree that the Proprietary Information is material and confidential and of substantial importance to effective and successful conduct of the business of Surface and its continued goodwill. In addition to all obligations of Employee under statutory or common law, Employee agrees:

(a) To treat all matters relating to Surface's business as confidential information entrusted to him solely for his use in his capacity as an employee of Surface, and not to divulge such information in any way to persons outside of Surface's employ during his employment for a period of five years after the termination thereof for any reason;

(b) In the event of the termination of his employment for any reason, Employee will not under any circumstances (i) retain or use in any way any information, written or otherwise, concerning active or inactive accounts of Surface; (ii) solicit any customers of Surface that Employee had knowledge of during his employment by Surface; (iii) solicit any of Surface's customers and clients that were active during the Employee's employment with Surface; or (iv) publish his name or photograph, or cause to permit same to be used in connection with advertising, by or on behalf of any business in

1

**EXHIBIT 1**

competition with Surface, which makes reference to his having done business with customers or former customers of Surface, or which tends to identify the former employee with Surface; and

(c) Not to influence or attempt to influence any other employee of Surface to terminate his employment to work for any competitor of Surface.

5. In consideration of the offer of employment made to Employee and any other matters set forth on the signature page hereof as consideration for Employee's agreement hereto, Employee agrees that, in the event of the termination, voluntary or involuntary, of the Employee's employment with Surface, for any reason, then for a period of two (2) years from the date of said termination, the Employee will not engage in, directly or indirectly, and/or be employed by, any competing Business (as hereinafter defined) in any Conflicting Position (as hereinafter defined) in the Restricted Territory (as hereinafter defined). A "Competing Business" means a business is similar to the kind or nature of business conducted by Surface during the employment of Employee, including, without limitation, the sale or distribution of wallcoverings, wall fabrics, acoustical wall products, or other products handled or distributed by Surface. A "Conflicting Position" means as owner, shareholder or partner of a Competing Business or as an employee, consultant or representative in any sales, sales management, marketing or related position or any position similar to any position held by Employee during the last two years of his employment by Surface. The "Restricted Territory" means the territory of _Western MA, Eastern NY_ Vermont as defined by Surface Materials.

6. Employee agrees that upon Employee's termination, voluntary or involuntary, of the undersigned's employment with Surface, he will fully and properly account to Surface for sales or distributions made by him for the period subsequent to his last accounting of sales/distributions by him to Surface, and Employee shall surrender to Surface in good condition, all Surface property, including price books, price lists, catalogs, route lists and all other records in his possession containing the names, addresses and other information with regard to customers of Surface serviced by Employee.

7. Employee agrees that if any legal action is instituted to enforce the terms, conditions and covenants of this Agreement, such legal action may be brought in Cuyahoga County, Ohio and Employee expressly waives any right to venue in any county other than Cuyahoga County, Ohio.

8. Feminine or neuter pronouns shall be substituted for those of masculine form or vice versa, and the plural shall be substituted for the singular number or vice versa, in any place or places as the context may require such substitution or substitutions.

9. This Agreement (including any policies and practices of Surface referred to herein) represents the entire agreement between Employee and Surface as to the subject matter herein and supersedes all prior understandings with regard thereto. If any provision of the Agreement is determined to be invalid or unenforceable by any rule of law or public policy, such provision shall be deemed null and void ab initio and not a part of this Agreement, but all other provisions shall remain in full force and effect. Upon any such determination the parties hereby agree that this Agreement shall be deemed to be modified as of the date hereof so as to be valid and enforceable to the full extent permitted by law and public policy to effect the original intent of the parties as much as possible.

10. The Employee agrees to disclose the existence and terms of this Agreement to every employer and business associate of the Employee following his employment by Surface and until the expiration of all provisions hereof. Employee authorizes Surface to deliver a copy of this Agreement to any future employer or business associate of Employee at any time prior to the expiration of the provisions hereof.

11. This Agreement shall be binding upon and inure to the benefit of the respective parties and their respective heirs, legal representatives, successors and assigns.

IN WITNESS WHEREOF, the parties have caused these presents to be executed the day and year first above written.

Attest:

_____
Secretary

SURFACE MATERIALS SALES, INC.

By _____

Title _____

Signed, sealed and delivered
in the presence of:

_____
Employee

_____
As to Employee

3

## KAHN KLEINMAN

Counselors at Law

June 2, 2004

Direct Dial: (216) 736-3351
E-mail: dbartman@kahnkleinman.com

*Via Federal Express*
Felisa Blazek
5 Squamscott Road
Stratham, NH 03885
Ph: 603-772-6474
Fax: 603-772-6474

Re: Surface Materials

Dear Ms. Blazek:

In light of your resignation yesterday and your employment with Wolf-Gordon, Inc., we have been requested by our client, Surface Materials, Inc. ("Surface"), to advise you of your obligations to Surface under the terms of your Employment Agreement with Surface dated November 1, 2000 (the "Agreement"). The Agreement was executed by you in connection with your beginning employment with Surface. A copy of the Agreement is enclosed.

Paragraph 4(b) of the Agreement provides, among other things, that you will not "solicit any customers of Surface that Employee had knowledge of during his employment by Surface." That Paragraph further provides that you will not "solicit any of Surface's customers and clients that were active during the Employee's employment with Surface." These obligations survive the termination of your employment with Surface.

In addition, under the terms of the Agreement, you are required to maintain in strictest confidence any and all information which was treated as confidential or proprietary by Surface. The Agreement specifically prohibits you, for a period of five years from termination, from divulging Surface's confidential information "in any way" to persons outside of Surface's employ.

Given your new employment with Wolf-Gordon, a competitor of Surface, Surface is justifiably concerned that you will shortly be in violation of your obligations under the Agreement. If you do violate these obligations, please be assured that Surface will learn of it and

**EXHIBIT 2**

Office: 216.696.3311
2600 Erieview Tower
1301 East 9th Street
Cleveland, Ohio 44114-1824
Fax: 216.623.4912
www.kahnkleinman.com

{DVB\K0484581.1}

MERITAS


**KAHN KLEINMAN**
Counselors at Law

Felisa Blazek
June 2, 2004
Page 2

that Surface will not hesitate to act swiftly and forcefully to exercise <u>all legal remedies against you</u> to enjoin you from further wrongful acts.

We are sure that you will comply with all legal obligations, and we ask that you complete the statement at the bottom of this page and return a countersigned copy of this letter to me.

Very truly yours,

Douglas V. Bartman

DVB:kmr
Enclosure
cc: David Richards (w/o enclosure)
Rick Wolf (w/enclosure) (via Federal Express)
Wolf-Gordon Inc.
33-00 47th Avenue
Long Island City, NY 11101

69469

I have read and understand the foregoing letter and acknowledge the requirements and conditions therein. I do not have in my possession or control any materials belonging to Surface required to be returned by me. I will immediately cease all activities that are in violation of my obligations under my Agreement with Surface.

_____
Feliza Blazek

Date: _____

{IK0415198.1}